BENJAMIN B. WAGNER
United States Attorney
MELANIE L. ALSWORTH
DAWRENCE W. RICE, JR.
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:15-CR-00104 AWI SKO |
| Plaintiff, | MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(C) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | |
| IRAN DENNIS FOSTER, | Date:<br>Time: |
| Defendant. | Courtroom 2, 8th Floor<br>Honorable Anthony W. Ishii |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through BENJAMIN B. WAGNER, the United States Attorney for the Eastern District of California, and MELANIE L. ALSWORTH and DAWRENCE W. RICE, JR., Assistant United States Attorneys, and the defendant, IRAN DENNIS FOSTER, and his attorney, MARK BROUGHTON, have agreed as follows:

1. <u>Charges.</u>

The defendant acknowledges that he has been charged by Indictment, 1:15-CR-00104 AWI SKO, in the Eastern District of California as follows:

Count Twelve:
Conspiracy to Distribute and/or Possess with Intent to Distribute
Marijuana, in violation of Title 21, United States Code, §§ 846 and
841(a)(1)

Count Thirteen:
Distribution of a Controlled Substance (Marijuana – less than 50
kilograms), in violation of Title 21, United States Code § 841(a)(1)

Counts Fifteen, Seventeen, Nineteen and Twenty:
Possession with Intent to Distribute a Controlled Substance (Marijuana),
in violation of Title 21, United States Code § 841(a)(1)

Count Twenty-One:
Felon in Possession of a Firearm, in violation of Title 18, United States Code § 922(g)(1)

Count Twenty-Three:
Attempt to Distribute a Controlled Substance (Marijuana), in violation of Title 21, United
States Code, §§ 846 and 841(a)(1)

Counts Twenty-Four and Twenty-Nine:
Use of a Communication Facility to Facilitate Commission of a Felony, in
violation of Title 21, United States Code § 843(b)

Count Twenty-Five:
Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance
(Methamphetamine, Cocaine, Heroin), in violation of Title 21, United States Code,
§§ 846 and 841(a)(1)

2. <u>Agreements by Defendant</u>.

(a) The defendant agrees that this plea agreement shall be filed with the court and become part of the record in the case.

(b) The defendant agrees to enter a plea of guilty to Count Twelve which charges him with conspiracy to distribute and/or possess with intent to distribute marijuana. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the factual basis of this agreement are true and accurate. Defendant further agrees to admit the forfeiture allegation contained in the indictment.

(c) Stipulations Affecting Guideline Calculation:

The defendant stipulates and agrees that there is no material dispute as to the following sentencing guidelines variables and therefore stipulates to the following:

1. <u>Base Offense Level</u>. The defendant stipulates and agrees that the weight of marijuana attributable to his conduct is approximately 129.9 kg.[1] The base

---
[1] Defendant's relevant conduct involves the following: 6.718 kg of marijuana; one (1) ounce of

offense level for conspiracy to distribute and/or possess with intent to distribute 129.9 kg of marijuana is 24 pursuant to U.S.S.G. § 2D1.1(a)(5).

    2. *Specific Offense Characteristics and Adjustments*.

        a. Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, and the base offense level should be increased by 2 levels pursuant to U.S.S.G. § 2D1.1(b)(12).

    3. *Adjusted Offense Level*. The adjusted offense level is 26.

    4. *Acceptance of Responsibility*. The adjusted offense level should be reduced by 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1.

    5. *Total Offense Level*. The total offense level is 23.

    6. *Advisory Guideline Range*. The guideline range for offense level 23, criminal history category I, is 46 – 57 months imprisonment.

(d) Defendant stipulates and agrees that a sentence at the low end of the advisory guideline range is reasonable and takes into consideration the factors set forth in 18 U.S.C. § 3553. Defendant agrees not to request a downward departure from the agreed upon sentence of 46 months, unless otherwise agreed to by the parties in writing.

(e) Forfeiture: The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets seized in connection to the criminal charges and events giving rise to the Indictment.

Defendant agrees that any assets seized or found to be connected to the criminal events and charges giving rise to the Indictment constitute property subject to forfeiture pursuant to 21 U.S.C. § 853.

Defendant agrees to fully assist the government in the forfeiture of any seized assets or assets later determined to be forfeitable pursuant to the Indictment and to take whatever steps are necessary to pass clear title to the United States. Defendant shall not sell, transfer, convey, or otherwise dispose of

---

methamphetamine, with a marijuana equivalency of 56 kg (28 g meth x 2 kg marijuana); two (2) ounces of cocaine, with a marijuana equivalency of 11.2 kg (56 g cocaine x 200 g marijuana = 11,200 g = 11.2 kg); and two (2) ounces of heroin, with a marijuana equivalency of 56 kg (56 g heroin x 1 kg marijuana). The total marijuana and marijuana equivalency weight is 129.9 kg.

Plea Agreement           3

any assets found to be connected to the criminal events charged in the Indictment.

Defendant agrees not to file any claim to any of the seized property in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives the notice provisions of Fed. R. Crim. P. 7(c)(2) and 32.2(a), waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. The defendant knowingly and voluntarily waives any right to jury trial in any criminal or civil forfeiture proceeding.

(f) The defendant understands and agrees that the court is not a party to this agreement, that sentencing is a matter solely within the discretion of the court, the court is under no obligation to accept any recommendations made by the government, and the court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the court can make a binding prediction or promise regarding the sentence he will receive.

(g) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal his conviction or any sentence (or the manner in which that sentence was determined) which is in accordance with the maximum provided in Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 18, United States Code, Section 3582 and/or Title 28, United States Code, Sections 2241 or

2255, except for non-waivable claims.

(h) If the defendant's conviction on the count to which he is pleading guilty is ever vacated at the defendant's request, or if the defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. The government shall have the right (1) to prosecute the defendant on the count to which he pleaded guilty; and (2) to file any new charges that would otherwise be barred by this Agreement. The decision to pursue any or all of these options will be solely within the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

(i) The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations

(including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

  (j)  The defendant understands that the court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. Defendant understands that the court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

  (k)  The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to a controlled substance offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

  3.  <u>Agreements by the Government</u>.

  (a)  Stipulations Affecting Guideline Calculation:

    The government stipulates and agrees that there is no material dispute as to the following sentencing guidelines variables and therefore stipulates to the following:

    1.  <u>Base Offense Level</u>. The government stipulates and agrees that the weight of marijuana attributable to defendant is approximately 129.9 kg. The base offense level for conspiracy to distribute and/or possess with intent to distribute

129.9 kg of marijuana is 24 pursuant to U.S.S.G. § 2D1.1(a)(5).

2. Specific Offense Characteristics and Adjustments.

   a. Defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, and the base offense level should be increased by 2 levels pursuant to U.S.S.G. § 2D1.1(b)(12).

3. Adjusted Offense Level. The adjusted offense level is 26.

4. Acceptance of Responsibility. The adjusted offense level should be reduced by 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1.

5. Total Offense Level. The total offense level is 23.

6. Advisory Guideline Range. The guideline range for offense level 23, criminal history category I, is 46 – 57 months imprisonment.

(b) The government will recommend a sentence at the low end of the advisory guideline range. The government agrees a sentence of 46 months imprisonment is reasonable and takes into consideration the factors set forth in 18 U.S.C. § 3553.

(c) If the defendant enters a plea of guilty to Count Twelve, the government agrees to dismiss all remaining counts against the defendant at the time of sentencing.

4. Nature, Elements, Possible Defenses, and Factual Basis.

(a) The defendant has read the charge contained in Count Twelve of the Indictment, and that charge has been fully explained to him by his attorney.

(b) The defendant fully understands the nature and elements of the crime with which he has been charged, together with the possible defenses, and has discussed them with his attorney. To convict the defendant of the crime of conspiracy to distribute and possess with intent to distribute marijuana, the government would have to establish the following beyond a reasonable doubt:

First: that beginning at a time unknown but no later than July 14, 2014 and ending on or about March 26, 2015, there was an agreement between defendant and at least one other person to knowingly and intentionally distribute and possess with intent to distribute marijuana; and

Second: that defendant joined in the agreement knowing of its purpose and

intending to help accomplish that purpose.

The elements of distribution of marijuana are as follows:

    First:    the defendant knowingly distributed a controlled substance, to wit: marijuana; and

    Second:    at all times, defendant knew that marijuana is a controlled substance.

The elements of possession with intent to distribute marijuana are as follows:

    First:    the defendant knowingly possessed marijuana;

    Second:    the defendant possessed marijuana with the intent to distribute it to another person; and

    Third:    at all times, defendant knew that marijuana is a controlled substance.

(c) The defendant will plead guilty because he is in fact guilty of the crime set forth in Count Twelve. The defendant also agrees that the following are the facts of this case,[2] although he acknowledges that, as to other facts, the parties may disagree:

> Beginning at a time unknown but no later than July 14, 2014, and continuing to no later than March 26, 2015, in the Counties of Fresno and Shasta, State and Eastern District of California, the defendant and at least one other person entered into an agreement to distribute marijuana.
>
> More specifically, during the relevant time period, defendant's primary source of income was marijuana sales. Defendant's primary source of marijuana supply was Ricky Reynolds. Reynolds lived in Shasta County, California, and manufactured marijuana which he sold to defendant. Defendant regularly drove to Shasta County, purchased pound quantities of marijuana from Reynolds, and transported the marijuana, which he concealed in a cooler, to Fresno, California. Defendant distributed the marijuana in Fresno, California, and Albuquerque, New Mexico. Defendant and Reynolds were intercepted in multiple telephone calls and texts discussing the sale and distribution of marijuana, including out of state distribution, the increased risk in engaging in out of state distribution through use of the United States Postal Service or other common carrier, and a price increase to justify the risk. During the course of the conspiracy, defendant obtained more than 14 pounds of marijuana from Reynolds. Defendant also assisted Reynolds in receiving payment from an out of state customer.

---

[2] Defendant also stipulates and agrees that between January 26, 2015 and January 31, 2015, defendant assisted co-conspirator Rafael Guzman in arranging a drug deal to sell one ounce of methamphetamine, two ounces of cocaine, and one ounce of heroin to a third party.

Plea Agreement      8

> Keith Foster paid defendant to acquire and distribute marijuana on Keith Foster's behalf. Defendant would use Keith Foster's money to purchase marijuana, sell it, and provide the profit from the drug sales to Keith Foster. On December 6, 2014, defendant traveled to Shasta County, California, to purchase marijuana from Reynolds. During this time, defendant received an incoming telephone call from Keith Foster asking whether defendant could get "some units" for his "boy." "Units" is code for "pounds" of marijuana. Defendant told Keith Foster that he would and requested that Keith Foster deposit money into defendant's bank account. Keith Foster was afraid to deposit money into defendant's bank account for the purpose of acquiring marijuana and told defendant, "I don't like dealing with banks."
>
> On December 9, 2014, defendant was again contacted by Keith Foster, who requested defendant purchase "4 units" for Keith Foster's "boy." During this telephone call, Keith Foster also asked defendant for "200." This amount represented profits from prior marijuana sales made on behalf of Keith Foster.
>
> During a search of defendant's home on March 25, 2015, officers found and seized several pounds of marijuana, a money counter, food saver bags, scales and approximately $4,000 cash.
>
> At all relevant times, the defendant knew that marijuana is a controlled substance.

5. <u>Potential Sentence</u>.

The defendant understands that an advisory sentencing guideline range for this case will be determined by the Court. The defendant further understands that the Court will impose a sentence within that guideline range, unless the Court finds that there is a basis for departure (either above or below the range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

The parties agree, however, that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility") or cross-references, except that the government may move for a departure or adjustment based on defendant's post-plea obstruction of justice (§ 3C1.1) should the defendant engage

Plea Agreement 9

in such conduct. Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under *United States v. Booker*, 543 U.S. 220 (2005), unless specifically agreed to by the parties in writing.

The defendant also agrees that the application of the United States Sentencing Guidelines to his case results in a reasonable sentence, and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that called for under the Sentencing Guidelines' advisory guideline range as determined by the Court. Unless otherwise specifically agreed to in writing, the defendant acknowledges that if he requests or suggests in any manner a different sentence than what is called for under the advisory guideline range as determined by the Court, the plea agreement is voidable at the option of the government. The government, in its sole discretion, may withdraw from the plea agreement and continue prosecution of the defendant as if the parties never entered into this plea agreement.

The following is the maximum potential sentence which the defendant faces:

(a) Imprisonment.
    Mandatory Minimum:    None.
    Maximum:    5 years.

(b) Fine. Maximum: $250,000.00.

(c) Fine and/or Imprisonment.

(d) Supervised Release.
    Maximum: 2 years.
(Should the defendant violate the conditions of supervised release, he could be subject to a term of imprisonment up to the term of supervised release imposed.)

(e) Penalty Assessment. Mandatory: One Hundred Dollars ($100.00).).

Plea Agreement    10

(f) Pursuant to 21 U.S.C. § 862, the defendant may become temporarily or permanently ineligible for any and all federal benefits[3] and, pursuant to 21 U.S.C. § 862a, shall be ineligible for the following government benefits:

(1) assistance under any State program funded under part A of title IV of the Social Security Act (42 U.S.C. § 601 et seq.);

(2) benefits under the food stamp program (as defined in section 3h of the Food Stamp Act) (7 U.S.C. § 2012(h)) or any State program carried out under the Food Stamp Act of 1977 (7 U.S.C. § 2011 et seq.).

6. Waiver of Rights.

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) The defendant is entitled to the continued representation of an attorney at any trial in this case and, if the defendant is unable to afford an attorney, one would be appointed by the Court.

(b) If the defendant persisted in a plea of not guilty to the charge(s) against him, he would have the right to a public and speedy trial and the assistance of an attorney at that trial. If the defendant could not afford an attorney, one would be appointed for him. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge must all agree that the trial be conducted by the judge without a jury.

(c) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by

---

[3]The term "federal benefits" does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility, but refers to the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency or appropriated funds of the United States. 21 U.S.C. § 862(d)(1).

Plea Agreement 11

exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(d)     If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(f)     At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

The defendant understands that by pleading guilty he is waiving all of the rights set forth above and the defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

7.     <u>Entire Agreement</u>.

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant will be made unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

8.     <u>Presentence Report</u>.

The defendant understands that the United States Probation Office is not a party to this Agreement and will conduct an independent investigation of the defendant's activities and his background and prepare a presentence report which it will submit to the Court as its own sentencing

recommendation. In addition, the government will fully apprize the Probation Office, as well as the Court of the full and true nature, scope and extent of the defendant's criminal activities concerning the charge to which the defendant is entering a plea of guilty, including activities which may not have been charged in the Indictment, or were the subject of dismissed counts.

9. Approvals and Signatures

A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur with my client's decision to plead guilty as set forth in this plea agreement.

DATED: 10/19/16

MARK BROUGHTON
Attorney for Defendant

B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 10/19/16

IRAN DENNIS FOSTER, Defendant

C. Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

DATED: 10/21/2016

PHILLIP A. TALBERT
~~BENJAMIN B. WAGNER~~
ACTING UNITED STATES ATTORNEY

By:
MELANIE L. ALSWORTH
ASSISTANT UNITED STATES ATTORNEY

Plea Agreement 13